FILED

2025 Dec-03  AM 11:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DARLENA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:24-cv-01415-HNJ |
| | ) | |
| LOUIS DEJOY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case proceeds before the court on Defendant Louis DeJoy's Motion to Dismiss. (Doc. 11). For the reasons set forth herein, the court **WILL DENY** Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and **WILL GRANT** Defendant's motion for a more definite statement under Federal Rule of Civil Procedure 12(e).

## ALLEGATIONS IN PLAINTIFF'S COMPLAINT

On October 17, 2024, Plaintiff Darlena Johnson, proceeding *pro se*, filed a Complaint with the court. In the Complaint, she alleges the United States Postal Service employed her on September 24, 2020 as "a rural carrier for the Postal Services Skyland Post Office in Tuscaloosa[,] Alabama." (Doc. 1 at 8). She alleges the Agency failed to reimburse her for eight days of travel related to orientation training. (*Id.*). Johnson asserts she "later incurred additional issues, which warranted a Grievance to be filed."

(*Id.* at 9).  She "subsequently was subjected to threatening and harassment actions from coworkers, which the said Defendant did not take corrective action." (*Id.*).  Johnson filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on December 27, 2021, for "which a Final Action Order was entered on July 25, 2024." (*Id.*).  She "was offered compensation for the unpaid wages by the said Defendant which was not the basis and proper venue for allegations in the [EEOC] complaint." (*Id.*). Johnson "denied the said Defendant's offer of compensation for unpaid wages due to the Plaintiff's proof of settlement offered by the said Defendant did not coincide." (*Id.*). The Complaint contains attached time logs for travel to the orientation, (doc. 1-1), USPS Grievance forms, (doc. 1-2), and National Rural Letter Carriers' Association Settlement Forms (doc. 1-3).

## PROCEDURAL HISTORY

Johnson filed an EEOC charge on December 27, 2021.  (Doc. 1 at 9).  On July 16, 2024, an Administrative Judge issued a decision and order granting a summary judgment motion filed by the Agency.  (*Id.*).  After receiving this decision, USPS issued a Notice of Final Action ("NOFA") dated July 17, 2024.  (Doc. 11-2).[1]

On October 4, 2024, Johnson filed a "Request to File Appeal Out of Time."

---

[1] Plaintiff contends "a Final Action Order was entered on July 25, 2024."  (Doc. 1 at 9).  The discrepancy does not impact the court's analysis of the issues, so the court declines to address it at this stage.

(Doc. 23-1 at 6). Subsequently, Johnson appealed the NOFA to the EEOC Office of Federal Operations ("EEOC OFO") on October 10, 2024. Seven days after filing her EEOC OFO appeal, Johnson filed this civil action on October 17, 2024. (Doc. 1).

On November 11, 2024, USPS filed a motion to dismiss Johnson's appeal with the EEOC OFO. (Doc. 11-4 at 1). In its motion to dismiss, USPS argued Johnson untimely filed the appeal or, in the alternative, Johnson raised the same claims in this civil action pending before the court. (Doc. 21-1 at 1 n.2).

While the appeal remained pending before the OFO, Defendant Louis DeJoy filed a motion to dismiss this action on March 31, 2025, asserting Johnson failed to exhaust her administrative remedies and moving, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. 11 at 1). On April 14, 2025, Johnson filed a "Motion in Objections to Defendant's Request for Dismissal."[2] (Doc. 15). DeJoy filed a reply to this response on April 24, 2025. (Doc. 16).

Upon reviewing the parties' arguments, the court ordered DeJoy to provide an update regarding the status of the EEOC OFO appeal. (Doc. 20 at 3). He filed a status report on September 19, 2025, indicating the OFO dismissed Johnson's appeal on September 2, 2025, due to her untimely filing. (Doc. 21 at 1; Doc. 21-1). DeJoy also requested an opportunity to provide the court with additional briefing "asserting that

---

[2] The court construes this filing as a response to Defendant's Motion to Dismiss.

Plaintiff failed to exhaust her administrative remedies." (Doc. 21 at 1). The court granted DeJoy's request, allowing additional briefing on the issue of administrative exhaustion. (Doc. 22).

On October 6, 2025, DeJoy filed a supplemental brief on the issue. (Doc. 23). On October 14, 2025, Johnson requested additional time to respond to DeJoy's supplemental brief, to which he asserted no opposition. (Doc. 26 at 1). The court granted Johnson's request for additional time, extending the deadline for Johnson to respond to October 29, 2025. (Doc. 27). The court has not received any additional filings from Johnson.

## ANALYSIS

### I. Johnson Exhausted Her Administrative Remedies Before Filing This Timely Civil Action.

DeJoy seeks dismissal of Johnson's potential Title VII claim, arguing Johnson failed to exhaust her administrative remedies because she filed the present civil action only seven days after appealing the Agency's final decision to the EEOC OFO. (Doc. 11 at 11).

The Eleventh Circuit has prescribed a two-step inquiry for assessing a motion to dismiss for failure to exhaust administrative remedies:

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is

4

> entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed . . . .
>
> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendant[] bear[s] the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the [plaintiff] has exhausted his available administrative remedies.

*Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (internal citations omitted) (citing, *inter alia*, *Bryant v. Rich*, 530 F.3d 1368, 1373-74 (11th Cir. 2008)); *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424-25 (11th Cir. 2010) (holding the exhaustion principles established in *Bryant* apply to Title VII claims). "[P]rocedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Id.* (citing *Bryant*, 530 F.3d at 1374).

In ruling on a motion to dismiss for failure to exhaust administrative remedies, "[w]here exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376; *c.f.*, *Harrington v. Bottorff*, No. 3:11-CV-04142-CLS, 2012 WL 5379200, at *2 (N.D. Ala. Oct. 31, 2012) ("Additionally, 'while a court generally may not consider matters outside the pleadings when ruling on a motion for judgment on the pleadings, *see* Fed. R. Civ. P.

5

12(d), it is appropriate to consider the record of administrative proceedings in the context of a motion challenging the plaintiff's exhaustion of administrative remedies. The court may do so without converting the motion for judgment on the pleadings into a motion for summary judgment.'" (quoting *Coppett v. Tenn. Valley Auth.*, No. CV-11-S-4227-NE, 2012 WL 3962902, at *3 n.26 (N.D. Ala. Sept. 11, 2012)) (citations omitted)).

"EEOC regulations implementing Title VII prescribe a system of administrative remedies a federal employee must exhaust before bringing suit in federal court." *Hogan v. Sec'y, U.S. Dep't of Veterans Affs.*, 121 F.4th 172, 174 (11th Cir. 2024). "A federal employee's failure to follow administrative procedures and to adhere to deadlines is a ground for dismissal of the action." *Fleck v. Sec'y of U.S. Dep't of Transp.*, 826 F. App'x 782, 785 (11th Cir. 2020).

Therefore, an aggrieved federal employee must press a Title VII discrimination claim pursuant to the administrative complaint and appeals process provided in the EEOC regulations. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.103 *et seq.* The employee must first attempt to resolve his or her claim through informal counseling. 29 C.F.R. § 1614.105(a). If informal counseling does not resolve the matter, or if counseling does not conclude within the prescribed time period, the Counselor will inform the employee of his or her right to file a discrimination complaint. 29 C.F.R. § 1614.105(d). The employee must file the complaint within 15 days of the Counselor's notice. 29 C.F.R. § 1614.106(b).

6

The employee may file a discrimination complaint with the allegedly offending agency. 29 C.F.R. § 1614.106(a)-(c). The agency must investigate the matter upon receipt of the complaint, after which the employee may request a hearing before an EEOC Administrative Judge ("AJ"). 29 C.F.R. §§ 1614.106(e), 1614.108. Once the AJ renders a decision, the agency must "take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision." 29 C.F.R. § 1614.110(a).

The employee may file an appeal from an agency's adverse, final action with the EEOC OFO within thirty days of the receipt thereof. 29 C.F.R. §§ 1614.401(a), 1614.402(a). Alternatively, an employee may file a civil action in the district court within ninety days of receipt of the agency's final action. 29 C.F.R. § 1614.407(a). After filing an appeal of an agency's final action with the OFO, an employee "may withdraw the appeal and file a civil action within 90 days of receipt of the agency final action." 29 C.F.R. § 1614.407(e). When an employee withdraws an OFO appeal and files a civil action in accordance with 29 C.F.R. § 1614.407(e), the employee "shall be deemed to have exhausted his or her administrative remedies." 29 C.F.R. § 1614.407(g).

DeJoy avers Johnson failed to exhaust her administrative remedies. He asserts once Johnson elected to appeal to the EEOC OFO, she needed to wait until 180 days after filing the appeal (if the OFO had not yet issued a final decision) to file a civil

action.  (Doc. 11 at 11) ("Because Plaintiff appealed to EEOC OFO on October 10, 2024, she cannot file suit in this Court—if no final decision has been rendered—until April 8, 2025.").[3]

The Eleventh Circuit has determined that filing a civil action before the OFO has considered an appeal for 180 days does not constitute, "by itself, a failure to exhaust administrative remedies." *Brown v. Snow*, 440 F.3d 1259, 1263 (11th Cir. 2006), *overruled on other grounds by, Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).  In *Brown*, the Court noted "the purpose of exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employer." *Id.* (quoting *Wade v. Sec'y of the Army*, 796 F.2d 1369, 1377 (11th Cir. 1986)).  Pursuant to this purpose, whether a plaintiff has exhausted their administrative remedies turns on "whether 'the complainant made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available to him or her.'" *Id.*  The Court concluded the plaintiff had cooperated in good faith with the EEOC investigation despite prematurely filing his civil action, and thus, the court "refused to dismiss [the plaintiff's] complaint for failure to exhaust his administrative remedies." *Id.* at 1264; *see also id.* ("The record does not establish that Brown's premature filing of his complaint evidenced a refusal to cooperate in good faith with the EEOC.  Although

---

[3] Johnson filed her OFO appeal on October 10, 2024, well outside of the 30-day window.  (Doc. 21-2 at 1).  She does not contest she untimely filed her EEOC OFO appeal.  (Doc. 23-1 at 6).

Brown filed his complaint in the district court 35 days early, the EEOC was not notified by the IRS of Brown's filing until 183 days had elapsed from the date Brown appealed the decision of the IRS to the EEOC. *Brown did not ask the EEOC to end its investigation, and there is no evidence that the EEOC terminated its investigation before the 180 days elapsed.*" (emphasis added)).

Hence, courts examine whether a complainant prevented the OFO from adjudicating an appeal for the initial 180 days of its filing in assessing whether the complainant rendered a good faith effort to assist the EEOC. *Compare Harris v. McDonough*, No. 2:22-CV-193-CLM, 2024 WL 4031354, at *6 (N.D. Ala. Sept. 3, 2024) (holding a plaintiff who filed her civil action just four days after filing an appeal to the EEOC OFO cooperated in good faith because the defendant could not establish "that [the] lawsuit prevented the investigation of [the plaintiff]'s claims") *with Harrington*, 2012 WL 5379200, at *4 (finding plaintiff failed to exhaust his administrative remedies when the EEOC terminated his appeal at his request without issuing a final decision just 116 days after he filed it) *and Lawrence v. G-UB-MK Contractors*, 262 F. App'x 149, 153-54 (11th Cir. 2008) ("[B]ecause [the plaintiff] terminated her appeal from the EEOC after only 108 days, she cannot be said to have cooperated in good faith. Therefore, we agree with the district court that she failed to exhaust her administrative remedies.").

Johnson filed the pending civil action seven days after filing her EEOC OFO appeal. (Doc. 11 at 11). Similar to the plaintiff in *Harris*, who filed her civil action just

four days after appealing to the EEOC OFO, Johnson's filing of the action does not preclude a finding of good faith cooperation. Unlike the plaintiffs in *Harrington* and *Lawrence*, both of whom secured termination of their OFO appeals prior to expiration of the initial 180-day period, Johnson did not undertake any effort to withdraw her OFO appeal before the initial 180-day period expired. Rather, the OFO adjudicated the appeal and rendered its decision on September 2, 2025, notwithstanding the Agency informing the OFO Johnson had filed a civil action in this court. (Doc. 21-1 at 1 n.2, 5; Doc. 11-4 at 1). Therefore, the court declines to dismiss Johnson's present action for failure to exhaust her administrative remedies.[4]

## II.    Johnson's Complaint Constitutes a Shotgun Pleading in Violation of Federal Rule of Civil Procedure 8(a)(2).

DeJoy moves for a more definite statement pursuant to Federal Rule of Civil

---

[4] DeJoy asserts Johnson's OFO appeal barred her from filing a civil action because the appeal "locked" her in the OFO forum until it rendered a decision or until 180 days had expired. (Doc. 23 at 4). DeJoy relies upon *Harrington v. Bottorff*, No. 3:11-CV-04142-CLS, 2012 WL 5379200, at *4 (N.D. Ala. Oct. 31, 2012) and *Lockhart v. Sullivan*, 720 F. Supp. 699, 702 n.2 (N.D. Ill. 1989), for this proposition. Of course, the principles established in the Eleventh Circuit's *Brown* decision, as discussed, control the proceedings at bar.

In addition, both these cases rely on older versions of the regulations regarding the filing of civil actions. The EEOC final rule amending the regulations, issued June 11, 2020, clarified complainants could withdraw an OFO appeal and file a civil action within 90 days of receiving an agency NOFA. *See* Final Rule Revising EEOC's Federal Sector Complaint Processing Regulations, 85 Fed. Reg. 35558 (June 11, 2020) (codified at 29 C.F.R. § 1614.407(e)-(g)). Accordingly, DeJoy's contention Johnson "locked" herself in by filing the OFO appeal contrasts with current regulations. *See* 29 C.F.R. § 1614.407(e), (g) (stating a complainant may withdraw an appeal filed with the EEOC and "file a civil action within 90 days of receipt of the agency final action" and "be deemed to have exhausted his or her administrative remedies").

Procedure 12(e).  (Doc. 11 at 1).  Rule 12(e) provides a defendant may file a motion seeking "a more definite statement" of a complaint "which is so vague or ambiguous that the [defendant] cannot reasonably prepare a response."  The defendant bears the burden of demonstrating a complaint portrays a lack of clarity reasonably foreclosing the ability to prepare a responsive pleading, which represents a "very high standard." *Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, No. 2:18-CV-1290-KOB, 2020 WL 2198955, at *3 (N.D. Ala. May 6, 2020) (citation omitted); *see also FNB Bank v. Park Nat'l Corp.*, No. 13–0064–WS–C, 2013 WL 1748796, at *6 (S.D. Ala. Apr. 23, 2013) (finding the defendant failed to demonstrate the need for a more definite statement pursuant to Rule 12(e)); 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1378 (3d ed. September 2025 Update) ("Most federal courts cast the burden of establishing the need for a more definite statement on the movant." (footnote omitted)).

Further, given the "liberal pleading standard[s]" set forth in Federal Rule of Civil Procedure 8, *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1261 (11th Cir. 2015), and "the plethora of available pretrial discovery procedures," *Blumenthal v. Smith*, No. 6:17-CV-975-ORL-40TBS, 2018 WL 3067910, at *4 (M.D. Fla. Feb. 26, 2018), the law generally disfavors motions for a more definite statement and courts grant them sparingly.  *See Fathom Expl., LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005) ("Motions for more definite

statement are viewed with disfavor and are rarely granted."); 5C Wright & Miller, *supra*, § 1376 ("[T]he availability of a motion for a more definite statement is quite restricted . . . . [T]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small.").

The Rule 12(e) standard "strike[s] at unintelligibility rather than [a complaint's] lack of detail." 2 MOORE'S FEDERAL PRACTICE § 12.36 (2025). Thus, the court must deny a Rule 12(e) motion "if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer." *Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000). "Nevertheless, when a plaintiff fails to identify key facts, unduly increasing the burden of understanding the factual allegations, district courts may grant a 12(e) motion for a more definite statement." *Tolbert v. High Noon Prods., LLC*, No. 4:18-CV-00680-KOB, 2019 WL 127363, at *7 (N.D. Ala. Jan. 8, 2019). "[T]o withstand a motion under Rule 12(e) a pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." 5C Wright & Miller, *supra*, § 1376.

DeJoy contends Johnson's Complaint represents a "shotgun" pleading. (Doc. 11 at 8). A shotgun pleading "violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Rule

8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and it instructs that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense" "[i]f doing so would promote clarity." Fed. R. Civ. P. 10(b).

"The 'self-evident' purpose of these rules is 'to require the pleader to present his claims discretely and succinctly, so that[] his adversary can discern what he is claiming and frame a responsive pleading.'" *Barmapov*, 986 F.3d at 1324 (alteration in original) (quoting *Weiland*, 792 F.3d at 1320). "These rules were also written for the benefit of the court, which must be able to determine 'which facts support which claims,' 'whether the plaintiff has stated any claims upon which relief can be granted,' and whether evidence introduced at trial is relevant." *Id.*

"Shotgun pleadings 'are flatly forbidden by the spirit, if not the letter, of these rules,'" *id.*, because they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts," *Barmapov*, 986 F.3d at 1324 (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). The Eleventh Circuit condemns shotgun pleadings and bears "little tolerance" for them. *Id.*

The Court has identified four types of shotgun pleadings. *Barmapov*, 986 F.3d at

13

1324 (citing *Weiland*, 792 F.3d at 1321).  The first and most common type contains "multiple counts where each count adopts all allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321 (footnote omitted). The second and next most common type "is guilty of . . . being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321-22 (footnote omitted).  The third type does not separate "into a different count each cause of action or claim for relief." *Id.* at 1322-23 (footnote omitted).  The final and relatively rare type of shotgun pleading "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323 (footnote omitted).

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* (footnote omitted).  "[A] district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (citation omitted) (admonishing a district court for not striking a shotgun pleading).

14

In this instance, DeJoy argues Johnson's "Complaint is of the second most common types of shotgun pleadings—containing conclusory and vague allegations not connected to any particular cause of action." (Doc. 11 at 6-7). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.")). However, pro se pleadings still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014); *see also Wood v. Kelly*, 720 F. App'x 532, 535 (11th Cir. 2017) (citing *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014)) ("We liberally construe the filings of *pro se* parties. However, we may not act as '*de facto* counsel' or rewrite an otherwise deficient pleading.").

Johnson's pleading does not clearly articulate a legal basis for her claims. She variously asserts her claims involve a "failure to pay wages"; "breach of [a] [s]ettlement [o]ffer"; "threatening and harassment [sic] actions from coworkers, which the said Defendant did not take corrective action"; an "Equal Employment Opportunity Commission complaint"; and "deceitful actions of said Defendant." (Doc. 1 at 4, 9-10). Johnson has equivocated on the relevance of her previous EEOC complaint to the present civil suit: she asserts in her complaint that she filed a complaint with the

15

EEOC, yet she indicates in her Response to DeJoy's Motion to Dismiss that "Defendant's reference of the Equal Employment Opportunity Case Final Action is not relevant to this action." (Doc. 1 at 9; Doc. 15 at 2). Johnson also declared in her Response that she filed her previous EEOC complaint "for different allegations of discrimination, retaliation and hostile work environment, which this case allegations did not meet such jurisdiction and warranted the said action be filed in this honorable court." (Doc. 15 at 2).

The vague, conclusory allegations in Johnson's complaint, as well as the lack of identified counts or legal bases for her claims, do not indicate a connection between her factual allegations and any potential basis for legal relief. Accordingly, the Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), as it does not "give the defendant fair notice of what the . . . claim[s are] and the grounds upon which [they] rest[]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As DeJoy cannot understand the claims Johnson attempts to raise, he cannot adequately respond.

Consequently, to the extent reasonably possible given her *pro se* status, Johnson should replead her Complaint to specify the claims alleged and the statutory or constitutional basis for each claim. *See McNeal v. Navy Fed. Credit Union*, No. 1:21-CV-02968-LMM-JCF, 2022 WL 2389279, at *3 (N.D. Ga. Feb. 1, 2022), *report and recommendation adopted,* No. 1:21-CV-02968-LMM, 2022 WL 2389148 (N.D. Ga. Feb. 24,

16

2022) ("In support of each claim, [the *pro se*] [p]laintiff must provide the statutory or other legal basis for asserting each claim."); *Staggers v. Int'l Longshoremen's Ass'n*, No. 20-CV-24202, 2021 WL 293209, at *6 (S.D. Fla. Jan. 28, 2021) (citing Fed. R. Civ. P. (8)(a)) ("[The *pro se*] [p]laintiff . . . must provide the legal grounds . . . [for] each of the counts alleged.").

## CONCLUSION AND ORDER

Pursuant to the foregoing analysis, Johnson has exhausted her administrative remedies. Therefore, the court **DENIES** Defendant's Motion to Dismiss. However, DeJoy establishes he cannot reasonably prepare a response to Plaintiff's Complaint. Accordingly, the court **GRANTS** Defendant's Motion for a More Definite Statement and **ORDERS** Johnson to replead her Complaint to specify her alleged claims and their statutory or constitutional bases. Johnson shall file her new Complaint within thirty (30) days of the entry of this Memorandum Opinion and Order. The Clerk of Court shall provide Johnson a copy of the *pro se* packet along with this Order.

**DONE** and **ORDERED** this 3rd day of December, 2025.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE